80 P.2d 417

**McDANIEL v. VAUGHN.**

No. 4367.

Supreme Court of New Mexico.

June 6, 1938.

R. E. Rowells and James A. Hall, both of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

PER CURIAM.

This is an appeal from a judgment giving plaintiff possession of certain real estate, and damages in the sum of $150 for its detention, in a proceeding in forcible entry and detainer that originated in the justice of the peace court.

At the conclusion of the testimony the district judge stated his conclusions of fact and law, interspersed with colloquies between the court and attorneys, arguments and recitals of testimony. It appears in the record as part of the bill of exceptions.

Sec. 105-813, 1929 N.M.Stats.Anno., contains the following:

"Upon the trial of any question of fact by the court, its decision must be given in writing and filed with the clerk in the cause, and in such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately * * *."

This statute requires the district court to make a decision consisting of findings of such ultimate facts and conclusions of law stated separately as are necessary to support his judgment, in a single document; and that he sign and file such decision in the cause as a part of the record proper. The same result may be accomplished by incorporating the findings and conclusions in the judgment.

It is the usual and proper practice for each finding and conclusion to be separately paragraphed for the convenience of counsel in taking exceptions, and of this court in reviewing them.

The statute contemplates that the decision shall be that of the trial court and not of counsel. The practice of some trial judges of adopting statements presented by the successful party, denominated findings

of fact and conclusions of law, as the decision of the court; or of writing the words "found" or "refused" or words of like import on a requested finding to signify its adoption or rejection is not to be commended any more than that of placing findings and conclusions in the bill of exceptions, as was done in this case.

■ The respective parties should request findings and conclusions on the issues; and the court in preparing his decision may, of course, adopt such as he approves or modifies; but in doing so they are made a part of the decision of the court and should be incorporated in his decision and not adopted merely by reference.

No objections have been made to the manner in which the findings and conclusions were made, and the parties having treated them in their respective briefs as the decision of the court, we will so consider them.

From the facts found by the court it appears that Irvin Tool and Mrs. F. G. Watson own the land which is the subject of this suit; that appellee leased this land in 1930 from the prior owners for grazing purposes in consideration of the payment of the annual taxes as they accrued against it. The present owners continued the agreement through 1936. During all this time the rental was paid. In April, 1937, the owners leased the land to appellant for agricultural purposes, and she went into possession thereof and placed it in cultivation. Subsequent to January 1, 1937, appellee and the owners negotiated regarding an agricultural lease, but no agreement was reached.

No notice was given appellee that the owners desired to terminate the lease at any time. The value of his lease for 1937 was $150.

The court concluded that the lease contract was "from year to year," that in the absence of notice of its termination it extended through the year 1937.

■ A number of questions were raised by assignment of errors; but of these, two only were called to the attention of the district court, and they alone are subject to review by this court. Horton v. Atchison, T. & S. F. R. Co., 34 N.M. 594, 288 P. 1065; Blacklock v. Fox, 25 N.M. 391, 183 P. 402; Santa Barbara Tie & Pole Co. v. De Martinez, 34 N.M. 181, 279 P. 71.

It is contended that appellee abandoned his lease. The court found otherwise; and the testimony supports this conclusion. There were some negotiations between appellee and the owners regarding an agricultural lease, but the parties could not agree and the negotiations were discontinued. There is no testimony of any negotiations regarding the grazing lease, or that appellee abandoned it.

It is next contended that the court erred in finding as a fact that "plaintiff had received no notice whatever from the owners of the land or from defendant (appellant), that defendant had leased the land, or that the (grazing) lease had been terminated."

Appellee had no notice of the lease to appellant until she had taken possession about

April 1, 1937, when she advised him of her lease. But in the meantime three months of the year had passed and the owners had never given appellee notice that the lease would terminate at any particular time, or at all.

The appellee had leased the land for an indeterminate period of time, beginning in 1930; the consideration was the payment of the annual taxes levied against it. The appellee testified that his lease ran from the first day of January. This character of lease is generally held to be a lease from year to year. The term could not be less than a year because the consideration to be paid was the annual taxes levied against the land. The appellee paid one-half of the 1936 taxes in February 1937, which did not become delinquent until May 1, 1937. When the present owners purchased the land in 1935, it was agreed between them and the appellee that the latter should continue to use the land in consideration of the payment of the taxes. Mr. Tool, one of the owners, stated to him, "Go right ahead and use the grass until I notify you different, just keep the taxes paid." No notice was ever given. Without regard to the common law rule, which requires six months' notice to terminate such leases (see annotations in 19 A. L.R. p. 1405), the owners gave appellee authority to continue the lease for 1937 unless otherwise notified. This amounted to a consent or agreement for appellee to hold over for a full year if no notice was given of its termination before the new term began on January 1, 1937.

The judgment of the district court is affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.