86 P.2d 1037

HITTSON v. CHICAGO, R. I. & P. RY. CO. et al.

No. 4386.

Supreme Court of New Mexico.

Jan. 27, 1939.

George A. Shipley, of Alamogordo, and David S. Bonem, of Tucumcari, for appellants.

C. C. Davidson and C. H. Hittson, both of Tucumcari, and Kiker & Sanchez, of Santa Fe, for appellee.

BRICE, Justice.

This is a statutory action brought to recover damages for the killing of a mare by a train operated on appellants' railroad. That part of the statute material to a decision of this case is as follows:

"Every railroad corporation * * * shall * * * erect and thereafter maintain fences on the sides of their said railroad * * * suitably and amply sufficient to prevent cattle, horses * * * from getting on the said railroad. * * * If any railroad corporation shall fail to construct such fences and cattle guards as herein directed, each and every one of said railroad corporations so failing to comply with the directions of this section and section 30 (4-105 [N.M.Sts. 1929]) shall be liable in damages in the manner and to the extent limited and provided in section 29 (4-104 [N.M.Sts.1929])." Sec. 4-103, N. M.Sts.Ann.1929.

"Whenever, by reason of the failure of any railroad corporation to construct and maintain fences * * *, as directed in sections 28 and 30 (4-103, 4-105 [N.M.Sts. 1929]), any cattle, horses, * * * shall be killed, injured or destroyed by any such railroad corporation operating a railroad in this state, or by its agents, or the trains, cars or locomotives being operated on the lines of any railroad corporation in this state, *and the owner of any such animal so killed, injured or destroyed, shall make affidavit of his ownership and of the injury or destruction of said property, and of the value of the same or the amount of injury done thereto, and file the same with any station agent employed in the management of such railroad corporation in the county where the killing, injury or destruction complained of shall have been committed,* such railroad corporation so failing to construct and maintain such fences and cattle guards shall in any suit by the owner for such killing, injury or destruction, be deemed guilty of negligence; and if such railroad corporation at the expiration of thirty days, after the making and filing of such affidavit, shall not have paid for the animal

killed the fair market value thereof, or if the animal has not been killed the actual amount of damage done by reason of the injury inflicted by such railroad corporation, judgment shall be rendered against such railroad corporation in such suit for the actual value of the animal or for the damage inflicted, if the animal has not been killed, and for a reasonable attorney's fee to be fixed by the court and taxed as costs; Provided * * * that the provisions of this section and sections 28 (4-103 [N.M. Sts.1929]) and 30 (4-105 [N.M.Sts.1929]) shall apply to railroad corporations in the hands of receivers, and in order to sue such receiver, it shall not be necessary to obtain permission of the court by whom such receivers were appointed." (Emphasis ours.) Sec. 4-104, N.M.Sts.1929 Ann.

■ Railroad companies are not bound by any rule of the common law to fence their tracks against live stock, and failure to do so in the absence of a statute is not negligence. But the section of the statute quoted requires railroad corporations and trustees operating railroads to fence their rights of way; and ordinarily a statute creating such duty for the benefit of a class of the public, authorizes a common law action to recover damages for the killing of live stock proximately resulting from the failure to fence as the statute requires, even in the absence of a prescribed remedy. Birmingham Mineral R. Co. v. Parsons, 100 Ala. 662, 13 So. 602, 27 L.R.A. 263, 46 Am.St.Rep. 92; Berdos v. Tremont & Suffolk Mills, 209 Mass. 489, 95 N.E. 876,

Ann.Cas.1912B, 797; Union Pacific R. Co. v. McDonald, 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434; 1 Am.Jur., title, Actions, § 11, and 1 C.J.S., title, Actions, § 9b, p. 990; Abounader v. Strohmeyer & Arpe Co., 243 N.Y. 458, 154 N.E. 309; Restatement of Law of Torts, Sec. 286. But if a statute creates a new right for protection of the public where none existed before and at the same time provides an adequate remedy for enforcement of the right created, the remedy thus afforded is exclusive. Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; Fourth National Bank v. Francklyn, Ex'r, 120 U.S. 747, 7 S.Ct. 757, 30 L.Ed. 825; 1 Am.Jur., title, Actions, § 12.

■ The statute before us provides a remedy but for reasons hereinafter shown we do not consider the filing of the statutory affidavit of such a nature that it cannot be waived by the party for whose benefit its filing is required. The statute requires the filing with a station agent of an affidavit of certain facts. It is not required that the suit be filed after the expiration of thirty days from the filing of the affidavit; but the inhibition is against the *entry of judgment* before the expiration of thirty days after the filing of the affidavit with the station agent. This procedure must be followed unless, as the appellee contends and the court concluded, that it can be and was waived by appellants.

■ The court made no decision, as required by Sec. 105-813, Sts.1929, but endorsed the word "Adopted" on certain requested findings of fact made by appellants

and appellee; and in addition made certain findings of fact and conclusions of law stated in the bill of exceptions, to which appellants excepted. This procedure does not comply with the statute as we pointed out in McDaniel v. Vaughn, 42 N.M. 422, 80 P.2d 417.

■ The case is presented to us not only on these findings but on the evidence. We follow counsel in determining the rights of the parties in this suit, but again emphasize the duty resting upon the trial court to prepare and file findings and conclusions that conform to the statute as construed in McDaniel v. Vaughn, supra.

■ The court found as a fact that the appellants were the owners and operators of the railroad in question; to which no exception was taken or objection made, in the district court; and therefore appellants are bound by it. This we have held innumerable times.

■ It was within the discretion of the trial court to reopen the case for the introduction of other evidence.

■ The remaining question is whether the appellants could and did waive the filing of the affidavit required to be made and filed with appellants' station agent. It is conceded that such affidavit was not filed, but it is contended by appellee that it was waived.

The court found that the affidavit had not been filed as required by the statute; and further:

"That within a few days after the said animal was killed the plaintiff called upon U. S. Devor, the station agent of the defendants at Tucumcari, he being the agent nearest the place where said animal was killed, for the purpose of giving notice to the defendants and to file with such agent his claim for damages sustained, and that the said agent informed the plaintiff that he had no claim blanks for such purposes and instructed the plaintiff to write to the claim agent of the company for a claim blank. * * *

"That the defendants, by receiving and acting upon the notice of claim for the killing of the said mare, waived statutory proof of claim."

"The court finds as facts in this case that an animal belonging to the Plaintiff, a black mare, was struck by Defendant's train, a mile or two or three east of Tucumcari, in February, 1937, and that the mare was killed, and that a spotted stallion belonging to the Plaintiff was also injured at the same time.

"The Court finds that the animal got upon the right-of-way by reason of the defective condition of the fence or gates enclosing the right-of-way. * * *

"* * * I find, however, as a further conclusion, which I announced before, that the Defendant waived these provisions of the statute. I am of the opinion that the statements made by Mr. Devor (appellants' station agent) amounted to a refusal on his part to receive any affidavit that was offered to be filed, and the substitute

method proposed by him, and the blank sent by the claim agent amounts to a waiver of these conditions."

It is a general rule that any right or privilege to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution, may be waived by him; provided it is intended for his sole benefit, and does not infringe upon the rights of others, and such waiver is not against public policy. Mayor, etc., of New York v. Manhattan R. Co., 143 N.Y. 1, 37 N.E. 494; 67 C.J. title, Waiver, p. 307; 27 R.C.L., title Waiver, § 3.

The statute does not require that the affidavit in question be filed before the institution of a suit. The inhibition is against the entry of judgment before the expiration of thirty days after the filing of the affidavit with the station agent. The filing of the affidavit is for the benefit of defendants in such actions, and could be waived by appellants in their discretion.

The finding that the filing of the affidavit had been waived is a finding of mixed law and fact (67 C.J., title Waiver, § 13) and is supported by substantial evidence.

The appellee could not compel the appellants' station agent to receive and file the affidavit. The appellants had adopted a different procedure and refused to permit appellee to comply with the statute; and thereby waived it.

We conclude that the appellants could, and did, waive the filing of an affidavit with their station agent.

The judgment of the district court is affirmed.

It is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

MABRY, J., did not participate.