619 P.2d 1235

**Donald A. BROWN et al.,
Plaintiffs–Appellees,**

v.

**William E. JIMERSON et al.,
Defendants–Appellants.**

**No. 12705.**

Supreme Court of New Mexico.

Nov. 26, 1980.

Joe C. Diaz, Kenneth A. Hunt, Albuquerque, for defendants–appellants.

John L. Hollis, Albuquerque, for plaintiffs–appellees.

## OPINION

FEDERICI, Justice.

The Bernalillo County Sheriff's Officers Association and the County of Bernalillo entered into a contract concerning wages, hours and other terms and conditions of employment of the officers. The contract is dated October 7, 1975, and was effective from July 1, 1975 to July 1, 1977. The contract incorporated by reference the Bernalillo County personnel rules and regulations, specifically, Rule 312.1:

> An employee required to remain at home or immediately available by telephone to answer emergency service requests shall be paid equivalent to eight (8) hours pay at his regular rate for a seven (7) day period of stand–by duty. Stand–by time will not be considered time worked in the computation of regular and/or overtime hours.

One of the officers of the Association presented a claim in February of 1977 to receive pay accrued but unpaid under this provision of the contract. After the claim was denied, this officer, along with other appellees (officers), brought suit on July 29, 1977. They requested standby pay from January 1, 1977. The trial court found for the officers and the sheriff; the County (appellants) appealed, challenging the following findings of fact:

> 13. Plaintiffs [appellees] and each of them did not and have not waived their rights to be paid for stand–by duty in accordance with Supplementary Rule and Regulation 312.1.

> 14. No consideration exists for any alleged waiver of rights under Supplementary Rule and Regulation 312.1 by Plaintiffs [officers].

Appellants allege that sheriff's officers are on duty twenty–four hours a day and

on–call time was merely an incident of employment and understood as such by all sheriff's officers, that since they made no claims for wages under Rule 312.1 for at least sixteen months after the date of the contract, they waived any right to compensation.

We must first consider the law of waiver, and then determine whether the facts support the findings of the trial court that there was no waiver, since the findings of the trial court on waiver appear to be mixed findings of law and fact. *Hittson v. Chicago, R. I. & P. Ry. Co.*, 43 N.M. 122, 86 P.2d 1037 (1939).

■ The law of waiver is at best troublesome in its application. This Court has stated that it is the intentional abandonment or relinquishment of a known right. *Clovis National Bank v. Thomas*, 77 N.M. 554, 425 P.2d 726 (1967). However, that definition does not completely satisfy the requirements for finding waiver in a situation such as the present one. The fact situation here involves an employment contract. We are mindful of the general rule that a contract right can no more be relinquished than created without consideration or a written instrument to that effect. A release or an accord and satisfaction is the normal method by which contract rights are effectively relinquished.

In the fact situation before us, there is a duty on the part of the obligor (appellants) to pay obligees, the officers, for the standby duty. The obligor did not make any such payments. The testimony at trial was that even as of the date of trial, neither the sheriff's officers nor their supervisors knew whether the officers were entitled to payment for standby time. There was at least constructive notice to the officers because they, as beneficiaries under the contract, had notice of its terms. The question then is whether a waiver exists here because of an implied promise on the part of the officers, without consideration, to release or discharge appellants from their duty to pay for standby time.

In *Ed Black's Chevrolet Center, Inc. v. Melichar*, 81 N.M. 602, 604, 471 P.2d 172, 174 (1970), this Court stated:

To constitute a waiver, there must be an existing right, a knowledge of its existence, and an actual intention to relinquish it, or such conduct as warrants an inference of the relinquishment. It is a voluntary act and implies an abandonment of a right or privilege. In no case will a waiver be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by his conduct, the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. (Citations omitted.)

In that case, an insurance company declared an automobile a total loss. It mailed a letter to Black (who held a security interest in the car), advising it of the total loss and that a draft was being sent to Black. It requested Black to have the purchaser execute conveyance of title, and to release its security interest directly to a salvage company who purchased the car from the insurance company. Some days later Black received the draft, which was for a sum smaller than Black's security interest. Black applied the draft to the secured indebtedness and made a claim for the balance. This Court upheld the trial court's finding that Black had not waived its security interest in accepting the draft for a smaller amount and applying it to the larger secured indebtedness.

■ Similarly here, we cannot say that appellees waived their claims to payment for standby time merely by acceptance of paychecks which did not include standby time. Further, and based upon the record in this case, we cannot say that appellees intended to relinquish their rights by not asserting them for some sixteen to twenty months. Except for lapse of time in presenting the claim, there is no evidence brought to this Court's attention which would support a claim that they intended to waive their rights. Further, in order for waiver to apply under the test set out in *Ed Black's, supra*, appellants must show that they were misled by the officers' conduct to their prejudice, into the honest belief that

the officers actually intended to waive their rights. No intent to mislead appellants has been shown nor is there evidence that appellants relied upon any misleading conduct by the officers to appellants' prejudice. The only detriment appellants can show is that they will have to pay sums to the officers which they were already obligated to pay.

There was substantial evidence before the trial court to support a finding that there was no waiver in this case. The decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.