722 P.2d 636

**Corley Sue BRANNOCK, a/k/a Sue James, Petitioner,**

v.

**John F. BRANNOCK, Respondent.**

No. 16,192.

Supreme Court of New Mexico.

June 30, 1986.

Jon T. Kwako, Albuquerque, for petitioner.

Toulouse, Toulouse & Garcia, James R. Toulouse, Albuquerque, for respondent.

## OPINION

RIORDAN, Chief Justice.

Corley Sue Brannock (petitioner) brought suit in district court for past due child support against John F. Brannock (respondent). The district court dismissed petitioner's petition for past due child support and modified future support downward. Petitioner appealed to the Court of Appeals. The Court of Appeals affirmed the district court's judgment. This Court granted petitioner's petition for certiorari.

## FACTS

The facts are well stated in the Court of Appeals opinion, 104 N.M. 416, 722 P.2d 667. Therefore, in the interest of clarity only, we will reiterate briefly some of the relevant facts. The district court found, and the Court of Appeals upheld, an agreement entered into by petitioner and respondent regarding the past due child support. Respondent testified at trial that he and petitioner had agreed that petitioner would waive all rights to arrearages if respondent would begin to pay regular child support payments in the amount of $100.00 per month. Petitioner denied the existence of any such agreement at trial. On the basis of this agreement, the district court found that petitioner had waived her rights to arrearages and, also based upon the agreement, modified future child support payments to $100.00 per month. The Court of Appeals upheld the district court's finding of waiver and affirmed the district court's order dismissing petitioner's petition for past due child support. The issue on certiorari is whether the Court of Appeals' action in upholding the waiver of arrearages and the subsequent modification of future child support was proper.

### A. Waiver of arrearages.

A waiver is "the intentional abandonment or relinquishment of a known right * * *. To constitute a waiver, there must be an existing right, a knowledge of its existence, and an actual intention to relinquish it, or such conduct as warrants an inference of the relinquishment. It is a voluntary act and implies an abandonment of a right or a privilege." *Brown v. Jimerson*, 95 N.M. 191, 192, 619 P.2d 1235, 1236 (1980). Further,

[I]f a waiver is the voluntary surrender or relinquishment of a known legal right as distinguished from intentionally doing

an act inconsistent with claiming it, it amounts to an agreement and must be supported by a consideration which may be either a benefit to the promisor or a disadvantage to the promisee; * * * * 92 C.J.S. Waiver (1955); *see also Brown v. Jimerson*, 95 N.M. at 192, 619 P.2d at 1236 (creation or relinquishment of contract right requires consideration or a written instrument).

■ Any privilege or right which a person has either by contract, statute, or through the constitution, can be waived by him "provided it is intended for his sole benefit, and does not infringe upon the rights of others, and such waiver is not against public policy." *Hittson v. Chicago, R.I. and P. Ry. Company*, 43 N.M. 122, 127, 86 P.2d 1037, 1039 (1939). Therefore, a valid waiver requires a known legal right, relinquished for consideration, where such legal right is intended for the waivor's sole benefit and does not infringe on the rights of others.

■ In support cases of the instant type it is important to distinguish between the child's right to support and a third party's right to reimbursement for past support. It has been stated that:

[S]upport money can fall into two separate categories: First, the current and ongoing right of a child to receive support money from his father (parent); and second, the right to receive reimbursement for support of a child after that has been done. As to the second, suppose a father (parent) fails over a period of time to furnish support of the child, and the mother, or someone else, furnishes it. That person then has the right to claim reimbursement from the parent, the same as any other past debt. This right of reimbursement belongs to whomever furnished the support; and it is subject to negotiation settlement, satisfaction or discharge in the same manner as any other debt.

*Hunter v. Hunter*, 669 P.2d 430, 431–32 (Utah 1983); *accord Martinez v. Martinez*, 98 N.M. 535, 650 P.2d 819 (1982). Therefore, a valid waiver of child support arrear-

ages can be made by the person who provided the children with support, but only where there is evidence of consideration for such waiver and where such waiver does not infringe upon the rights of others.

In the instant case, the district court found that there was sufficient consideration to support petitioner's waiver of arrearages. Petitioner has failed to challenge this finding on appeal. Thus, the sufficiency of this finding cannot be reviewed. *McCroskey v. State*, 82 N.M. 49, 475 P.2d 49 (Ct.App.1970). Petitioner requested a finding that the social security of the children had been used to provide them support during the time that respondent was in arrears. However, the district court refused petitioner's requested finding. Petitioner does not challenge the district court's denial of this requested finding.

## B. District court's modification of future child support.

The district court concluded that, based upon the agreement of the parties waiving arrearages and modifying future child support payments downward, future support payments would be thereby modified. The propriety of the district court's modification of future child support was not raised on appeal. We discuss it, however, to clarify future cases.

This Court has stated that "[t]here must be a substantial change of circumstances to warrant a modification of child support." *Chavez v. Chavez*, 98 N.M. 678, 679, 652 P.2d 228, 229 (1982). This Court has also stated that:

Support obligations are for the benefit of the children and if the custodial parent does not have the financial ability to support the children, the support obligation should *not* be reduced.

*Barela v. Barela*, 91 N.M. 686, 688, 579 P.2d 1253, 1255 (1978) (emphasis added). Further, the modification of child support obligations is strictly a matter to be determined by the courts. *Britton v. Britton*, 100 N.M. 424, 671 P.2d 1135 (1983). Here there are virtually no findings of fact as to

whether circumstances have changed substantially to justify modification of child support, nor are there any findings of fact regarding the incomes of either parent. Also, in *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978), this Court enumerated various factors that should be considered when providing for the welfare of children in divorce cases. The district court failed to consider any of these factors when it modified the future child support payments and instead relied solely on the prior agreement between the parties. Petitioner, however, never claimed an error, either on appeal or on certiorari. Therefore, the district court's judgment must stand.

■ On appeal, the scope of review is limited to examining the record only to determine if there is substantial evidence to support the district court's ruling. The rules this Court uses in determining if there is substantial evidence to support a finding of fact are:

(1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of a verdict, and all evidence and inferences to the contrary disregarded[;] and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence.

*Toltec International Inc. v. Village of Ruidoso,* 95 N.M. 82, 84, 619 P.2d 186, 188 (1980). In light of these rules, we have reviewed the evidence presented and find that there was substantial evidence to support the district court's finding of waiver by petitioner. We, therefore, affirm the Court of Appeals and district court.

**IT IS SO ORDERED.**

SOSA, Senior Justice, and FEDERICI, STOWERS and WALTERS, JJ., concur.