874 P.2d 25

**Bobby Gene McCURRY,
Petitioner–Appellee,**

v.

**Carla June McCURRY, Respondent–
Appellant.**

**No. 14709.**

Court of Appeals of New Mexico.

March 23, 1994.

Eric D. Dixon, Portales, for respondent-appellant.

Michael J. Collopy, Hobbs, for petitioner-appellee.

## OPINION

DONNELLY, Judge.

Respondent (Mother) appeals from the trial court's order denying her claim for child support arrearages. The single issue raised on appeal is whether the trial court erred in upholding Father's unilateral pro rata reduction of monthly child support when two of his three children reached the age of majority. We reverse.

### FACTS

On October 30, 1989, Mother and Petitioner (Father) entered into a settlement agreement incident to their divorce. Pursuant to the terms of the settlement agreement, Father agreed to pay Mother $1000 per month

as child support for the three minor children of the parties. The agreement and decree dissolving the marriage of the parties provided for a single lump-sum amount of child support and did not specify the amount of child support payable for each individual child.

In November 1990, when the oldest of the parties' three children reached the age of majority, Father, without any previous discussion or consultation with Mother, unilaterally reduced his monthly child support payment by one-third. From January 1991 until February 1992, Father paid $667 per month in child support. In March 1992, when the parties' second child turned eighteen, Father again unilaterally reduced his monthly support payment by an additional one-third to the sum of $333 per month. He paid $333 per month from March 1992 until March 1, 1993. On March 24, 1992, Mother filed a petition seeking an increase in child support for the remaining minor child of the parties. Her petition alleged that Father "arbitrarily cut his child support to [$]333 per month, which is not consistent with his obligations [under the] New Mexico child-support guidelines." Mother's petition sought an increase in the amount of monthly child support for the youngest child of the parties and an award of reasonable attorney fees. Her petition omitted any claim for child support arrearages. Although Mother's petition did not specifically seek payment of child support arrearages, both parties acknowledge that this issue was litigated without objection, and the record reflects that both parties submitted requested findings of fact and conclusions of law relating to this claim.

A court hearing was held on February 17, 1993. Following the hearing, the trial court determined that Mother, by her silence and conduct in accepting the unilaterally reduced child support payments after the oldest child of the parties reached the age of majority, had "waived and acquiesced in her right to have the Agreement enforced [for] the payment of $1,000.00 per month." The trial court also concluded that Mother was "equitably estopped from claiming the total support payment of $1,000.00 per month...." The court granted Mother's petition to in-

crease the amount of child support for the youngest child of the parties to $549 per month commencing on March 1, 1993.

## DISCUSSION

New Mexico follows the general rule that an undivided support award applicable to more than one child is presumed to continue in force for the full amount specified in the decree until the youngest child attains the age of majority. *Britton v. Britton*, 100 N.M. 424, 426, 671 P.2d 1135, 1137 (1983); *see also Finley v. Finley*, 81 Ill.2d 317, 43 Ill.Dec. 12, 17, 410 N.E.2d 12, 17 (1980). The policy behind such rule was explained by the court in *Delevett v. Delevett*, 156 Conn. 1, 238 A.2d 402, 404 (1968), as follows:

> First, a child support order is not based solely on the needs of the minor children but takes into account what the parent can afford to pay. Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances. [Citations omitted.]

Similarly, in *Spingola v. Spingola*, 91 N.M. 737, 744, 580 P.2d 958, 965 (1978), Justice Easley, speaking for our Supreme Court, stated that while the number of children involved is a factor for consideration in determining the appropriate amount of child support, "[e]xperience indicates that the support level for one child must be considerably higher than that necessary for the additional children."

Relying on *Britton*, Mother contends that she was entitled to the full amount of $1000 per month as child support until the trial court expressly modified the agreement to provide for a different sum. The trial court, however, denied Mother's claim for child support arrearages based on Father's equitable defenses of waiver and acquiescence. Mother argues that the trial court erred in adopt-

ing conclusions of law determining that by her silence and conduct in accepting the unilaterally reduced child support payments, she voluntarily waived and acquiesced her right to the full amount of child support as provided in the settlement agreement. Mother challenges the trial court's determination that she did not voice any objection or otherwise complain about the reduction of monthly child support payments until she filed the petition for an increase of monthly child support in March 1992. Mother also contends the trial court's conclusions are not supported by substantial evidence and are contrary to law.

■ Initially, we note that when a party challenges on appeal legal conclusions adopted by the trial court, the standard of review is whether the law has been correctly applied to the facts, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the prevailing party. *Texas Nat'l Theatres, Inc. v. City of Albuquerque*, 97 N.M. 282, 287, 639 P.2d 569, 574 (1982). Thus, although the evidence is conflicting in this case, the trial court accepted Father's testimony that Mother never said or did anything to indicate that she objected to his unilateral reduction of child support when the oldest child of the parties reached the age of majority, that Mother had accepted each of the reduced monthly child support payments when they were paid, and that she had cashed the checks without any written protest.

1. *Waiver*

■ Father had the burden of establishing that Mother waived any claim concerning the payment of child support as specified in the separation agreement. *Wallace v. Wanek*, 81 N.M. 478, 480, 468 P.2d 879, 881 (Ct.App. 1970) (a party alleging affirmative carries burden of proof); *see also City of New York v. State*, 40 N.Y.2d 659, 389 N.Y.S.2d 332, 339, 357 N.E.2d 988, 995 (1976) (a party asserting waiver has burden of establishing such defense). In *Williams v. Williams*, 109 N.M. 92, 99, 781 P.2d 1170, 1177 (Ct.App.), *cert. denied*, 109 N.M. 54, 781 P.2d 782 (1989), this Court held that under certain circumstances waiver may properly be raised

as an equitable defense to an action seeking to collect child support arrearages. *See also Brannock v. Brannock*, 104 N.M. 385, 385–86, 722 P.2d 636, 636–37 (1986).

■ Relying in part on *Williams*, Father argues that Mother's acts, together with her failure to expressly allege in her petition that he was delinquent in child support, were sufficient to give rise to an inference that Mother agreed to relinquish her claim for the full amount of child support. However, as observed by our Supreme Court in *Brannock*, "a valid waiver requires a known legal right, relinquished for consideration, where such legal right is intended for the waivor's sole benefit and does not infringe on the rights of others." 104 N.M. at 386, 722 P.2d at 637. Further, in *Ed Black's Chevrolet Center, Inc. v. Melichar*, 81 N.M. 602, 604, 471 P.2d 172, 174 (1970), our Supreme Court stated: "In no case will a waiver be presumed or implied, contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by his conduct, the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to." Absent proof of an express agreement, in order to establish waiver there must be a showing of *unequivocal* acts or conduct on the part of the person against whom waiver is asserted showing an intent to waive. *Hunter v. Hunter*, 669 P.2d 430, 432 (Utah 1983); *see also Wagner v. Wagner*, 95 Wash.2d 94, 621 P.2d 1279, 1284 (1980) (en banc).

■ Under the record before us, the evidence is insufficient to support a finding that Mother waived her claim to child support, as specified in the final decree of divorce, simply because she did not object to Father's reduction in child support and because she accepted monthly support checks for a lesser amount and cashed them. Nor does the fact that Mother delayed for slightly over a year in seeking judicial relief provide a valid basis for determining that Mother waived her claim to child support as provided in the final decree. *See Brown v. Jimerson*, 95 N.M. 191, 192, 619 P.2d 1235, 1236 (1980) (acceptance by worker for time period between sixteen and twenty months held insufficient to waive claim for payment of standby time);

*cf. Blumenthal v. Concrete Constructors Co.,* 102 N.M. 125, 132, 692 P.2d 50, 57 (Ct.App. 1984) (delay or lapse of time alone does not support finding of laches or estoppel).

 While a claim of waiver may be asserted as a defense in a proceeding for the collection of child support arrearages, it cannot be used under circumstances where its application would infringe upon the rights of others. *See Williams,* 109 N.M. at 99, 781 P.2d at 1177; *see also Brannock,* 104 N.M. at 386, 722 P.2d at 637 (recognizing a child's right to support as distinct from a third party's right to reimbursement); *Albins v. Elovitz,* 164 Ariz. 99, 791 P.2d 366, 369 (Ct. App.1990) (waiver not allowed if its application adversely affects the interests of the child). Father had the burden of proof to show that his unilateral pro rata reductions of child support did not affect the best interests of the other minor children. *See Wallace,* 81 N.M. at 480, 468 P.2d at 881 (burden of proof is on party seeking to prove existence of a fact). The trial court's findings are silent as to this factor. Moreover, because it is undisputed that Father initiated the reduction of child support without contacting or discussing the matter with Mother, there is no evidence that Father was misled or prejudiced by Mother's acts into believing she agreed to his modification of child support. *See Ed Black's Chevrolet,* 81 N.M. at 604, 471 P.2d at 174. Thus the record before us is insufficient to support a finding that Mother waived her right to the full child support payments.

### 2. *Acquiescence*

 Father argues, alternatively, that the trial court's judgment denying Mother's claim for child support arrearages can also be supported by the trial court's conclusion that Mother acquiesced in Father's unilateral reduction of child support. We think this argument, too, must fail. As observed by this Court in *Scott v. Jordan,* 99 N.M. 567, 571, 661 P.2d 59, 63 (Ct.App.1983), acquiescence arises when a person knows he is entitled to enforce a right and neglects to do so for such a length of time that under the facts of the case the other party may fairly

infer that he has waived or abandoned such right.

 Under certain circumstances the equitable doctrine of waiver by acquiescence may be raised as a bar to an action for child support arrearages where the evidence shows the existence of an agreement by the custodial parent to reduce child support, supported by consideration, and where the agreement has been acquiesced in over a period of time under circumstances giving rise to estoppel. *See Arnold v. Krewson,* 834 S.W.2d 229, 232 (Mo.Ct.App.1992). Acquiescence, however, requires proof of an express or implied agreement between the parties and should not be inferred from doubtful or ambiguous acts. *See New York Life Ins. & Trust Co. v. Kane,* 17 A.D. 542, 45 N.Y.S. 543, 547 (1897). Nothing in the facts relied upon by Father indicates the existence of consideration flowing to Mother as a result of Father's reduction of child support. *See Arnold,* 834 S.W.2d at 232. Therefore we conclude that Father has failed to establish an essential element of acquiescence, and that the trial court erred in denying Mother's claim for the payment of child support in accordance with the provisions of the separation agreement and the final decree dissolving the marriage of the parties.

### CONCLUSION

We hold that Mother's silence and conduct in accepting the unilaterally reduced child support payments, without more, was insufficient to support a finding of waiver of her right to child support arrearages as provided in the divorce decree; nor was such evidence sufficient to support a finding of acquiescence. Where a prior decree directs that a noncustodial parent make lump-sum, periodic child support payments for two or more children, and one of the children subsequently reaches the age of majority, we believe that the better procedure for a noncustodial parent who seeks a reduction in child support is to obtain a stipulated order authorizing such modification, or alternatively to request a hearing on the request for reduction.

The trial court's order denying Mother's request for child support arrearages is reversed. Since Mother sought modification of

the order providing for child support by her petition filed on March 24, 1992, the provisions of the separation agreement and final decree of divorce relating to Father's obligation for the payment of child support should be reduced and modified as of March 24, 1992. *See Montoya v. Montoya,* 95 N.M. 189, 190, 619 P.2d 1233, 1234 (1980). We remand for entry of an amended order of child support consistent with the matters stated herein. Mother is awarded her costs and $1800 for the services of her attorney on appeal.

**IT IS SO ORDERED.**

BIVINS and PICKARD, JJ., concur.