F I L E D
United States Court of Appeals
Tenth Circuit

FEB 4 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BILL LEMKEN and LINDA
LEMKEN,

       Plaintiffs-Appellants,

v.

INTEL CORPORATION,

       Defendant-Appellee.

No. 97-2151
(D.C. No. CIV-95-797-WWD)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs commenced this action alleging that defendant unlawfully terminated their employment, contending their employment agreements guaranteed termination only for misconduct and provided for progressive discipline prior to termination for misconduct. Defendant moved for summary judgment on the ground that plaintiffs were at-will employees and, thus, there were no implied contracts of employment. The district court rejected this argument, but nonetheless granted summary judgment for defendant. Based on company policy and representations made by defendant's management, the district court determined as a matter of law that the contracts were implied employment contracts. The district court further determined as a matter of law that the implied employment contracts had not been breached because defendant contractually retained its right to terminate an employee without progressive discipline for the type of activity for which plaintiffs were terminated.

Thereafter, plaintiffs filed a motion pursuant to Fed. R. Civ. P. 59(e) to set aside the summary judgment ruling. Plaintiffs argued the district court granted summary judgment on a ground not raised in the motion for summary judgment: whether their terminations breached their implied contracts of employment. The district court denied relief. Plaintiffs appealed.

"We review the grant . . . of summary judgment de novo applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)."

-2-

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate if the pleadings and evidence in the record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See id. We also review the district court's determinations of state law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

On appeal, plaintiffs first argue that the district court erred in granting summary judgment on a ground not raised in the motion for summary judgment and to which they had had no opportunity to respond. Plaintiffs maintain that defendant argued only that there were no implied employment contracts, not that the terms of the agreements permitted terminations under the circumstances.

A district court may enter summary judgment sua sponte where the losing party is on notice to come forward with relevant evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Here, the district court ruled as a matter of law that pursuant to defendant's policy manual defendant retained the right to terminate plaintiffs' employment without progressive discipline for conduct that defendant determined to be unacceptable. No evidence other than that before the district court was necessary to determine whether the implied employment contracts had been breached. Thus, we conclude that, under the circumstances, the district court did not err in sua sponte granting summary judgment as a matter of law on whether the implied employment contracts had been breached.

Although plaintiffs recognized in their complaint that certain types of misconduct justified immediate termination, they argue the district court erred in deciding they engaged in misconduct of the type warranting immediate termination. Plaintiffs misconstrue the district court's holding. The district court did not make a factual determination that plaintiffs engaged in the misconduct. Rather, based on the policy manual, the court decided that defendant retained a contractual right to immediately terminate plaintiffs for conduct defendant deemed seriously detrimental to the company. We agree, for substantially the reasons stated in the district court's orders of January 14, 1997 and April 8, 1997, with the district court's determination that there was no breach of the implied employment contracts.[1]

Alternatively, plaintiffs argue defendant engaged in bad faith in terminating plaintiffs for doing what they had been instructed to do, hire security contractors, and that defendant waived its right to terminate plaintiffs or is estopped from terminating plaintiffs because defendant approved of the hiring of plaintiffs' friends. These arguments are without merit. Because defendant did not breach the implied employment contracts, they necessarily did not breach the duty of

---

[1]     Defendant argues that the district court erroneously determined there were implied employment contracts. We disagree and affirm the district court's determination that plaintiffs were not at-will employees for substantially the reasons set forth by the district court in its January 14, 1997 order.

-4-

good faith and fair dealing. See Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 856-57 (N.M. 1994) (holding good faith and fair dealing focuses on contract and what parties agreed to and implied covenant of good faith and fair dealing will not override express contract provisions). Furthermore, plaintiffs presented no evidence that defendants acted in bad faith. Nothing indicates defendant waived its right to terminate plaintiffs. See McCurry v. McCurry, 874 P.2d 25, 28 (N.M. Ct. App. 1994). Likewise, nothing indicates estoppel should apply. See Shaeffer v. Kelton, 619 P.2d 1226, 1230 (N.M. 1980).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Defendant's request for costs is GRANTED. See Fed. R. App. P. 39(a).

Entered for the Court

Robert H. Henry
Circuit Judge

-5-