This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRYAN JAMES STEINMETZ,**

Petitioner-Appellant,

v.                                                                        **NO. 29,726**

**SUSAN CAROL STEINMETZ,**

Respondent-Appellee,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Bryan James Steinmetz
Albuquerque, NM

Pro Se Appellant

John J. Duhigg
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Father appeals the divorce decree filed on June 10, 2009. [DM 178; 191] We proposed to affirm in a calendar notice, and Father has responded with a memorandum in opposition. We have carefully considered Father's arguments, but we are not persuaded by them. We therefore affirm.

Father continues to claim that the district court erred in allowing new domestic violence (DV) charges to be included in the same file as previous domestic violence charges that had been dismissed for lack of evidence. Father also continues to claim that the domestic violence case should not have been combined with the domestic relations (DM) case. Father appears to claim that, at the very least, a new cause number should have been assigned to the "new" DV charges. In addition, Father claims that some pleadings filed with the district court indicate that the DV case was considered to be related to the DM case, thereby causing bias against Father in the DM case.

As discussed in our calendar notice, there is nothing to indicate that the dismissed DV charges had any impact, whatsoever, on the DV charges that were later filed and found to be substantiated, or on the order of protection entered by the district court. The order of protection was based on the later DV allegations, and not on the initial allegations. *Cf. Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 26, 131

N.M. 317, 35 P.3d 972 (stating that a district court has supervisory control over its docket and possesses inherent power to manage its own affairs for the orderly and expeditious disposition of cases). Furthermore, there is nothing to indicate bias on the part of the judge presiding over the DM case. Although the district judge apparently took judicial notice of the DV charges when determining the custody arrangement for the children, that alone does not establish bias. *See State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) (explaining that judicial bias must be personal and cannot be based on adverse rulings). Because there was no basis for dismissing the order of protection in this case, the district court did not err in denying Father's motion.

Father again argues that income should not have been imputed to him for purposes of calculating child support. Father now argues that he is disabled and not simply "underemployed" or "unemployed." Father states that he receives public assistance from a program for the indigent as well as food stamps, and claims that his public assistance income cannot be considered in determining "gross income" with respect to child support obligations. Father also refers to statutes concerning the presumption of indigency when an "applicant" is receiving public assistance. [MIO 8] This argument was not presented to the district court, and is therefore not properly

preserved for appeal. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.")  We will not consider arguments that were not presented to the district court.

Moreover, a review of the final decree shows that income from public assistance was not included as "gross income" for purposes of determining child support obligations of the parties.  In other words, as required by statute, the gross income did not include public assistance benefits.  Instead, the district court imputed an amount of gross income to each party based on minimum wage.  As discussed in our calendar notice, gross income is "potential income" of a parent "if unemployed or underemployed." NMSA 1978, § 40-4-11.1(C)(1) (2008). Here, neither parent was employed, yet both parents are obligated to provide support for their children. *See Brannock v. Brannock*, 104 N.M. 385, 386, 722 P.2d 636, 637 (1986).  Therefore, the district court imputed minimum-wage "potential" income to each parent.  We point out that the authorities cited by Father do not support his argument that, if he is receiving public assistance benefits and he is unemployed, income cannot be imputed to him.  In addition, we note that, although Father claims to be disabled, the district court was presented with no evidence to support a claim that Father is totally disabled

4

and unable to work in any capacity. The district court did not abuse its discretion in this case. *See Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16.

For the reasons explained in this opinion and in our calendar notice, we affirm the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CELIA FOY CASTILLO, Judge**