## CASIAS V. N.M. TAXATION AND REVENUE DEPT

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**RICHARD CASIAS and CHERI L. OLIVAS,**
**Protestants-Appellants,**
**v.**
**NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**
**Respondent-Appellee,**

**IN THE MATTER OF THE PROTEST OF RICHARD CASIAS and CHERI L. OLIVAS.**

Docket No. A-1-CA-36316
COURT OF APPEALS OF NEW MEXICO
March 25, 2019

APPEAL FROM NEW MEXICO TAXATION AND REVENUE DEPARTMENT, Chris Romero, Hearing Officer

### COUNSEL

Wayne G. Chew, P.C., Wayne G. Chew, Albuquerque, NM, for Appellants

Hector H. Balderas, Attorney General, Santa Fe, NM, NM Taxation and Revenue Department, David E. Mittle, Special Assistant Attorney General, Santa Fe, NM, for Appellee

### JUDGES

BRIANA H. ZAMORA, Judge. WE CONCUR:  JULIE J. VARGAS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** BRIANA H. ZAMORA

### MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Richard Casias and his spouse, Cheri L. Olivas[1] appeal from a decision and order (order) of the Administrative Hearings Office upholding an audit assessment and tax lien imposed by the New Mexico Taxation and Revenue Department (the Department). For reasons that follow, we affirm the hearing officer's order as to Mr. Casias.

**BACKGROUND**

**{2}** In 1996 Mr. Casias registered his business, Casias Trucking,[2] with the Department as a sole proprietorship and obtained a Combined Reporting System (CRS) number associated with his social security number. The record is silent as to what involvement, if any, Ms. Olivas had with Casias Trucking.

**{3}** In 2003, upon the advice of his certified public accountant (CPA), Mr. Casias reorganized Casias Trucking from a sole proprietorship to a limited liability company (LLC). According to Mr. Casias, his CPA prepared articles of organization to effectuate that change, and Mr. Casias relied on his CPA to file all tax-related and other documents necessary to create the LLC.

**{4}** Mr. Casias testified that, following the 2003 reorganization, he has held out Casias Trucking as an LLC to the general public, customers, employees, vendors, and contractors and identified it as an LLC on checks, business cards, invoices and W-2s, as well as on certain tax returns and reports submitted to the Department. Although Mr. Casias testified that he considered Casias Trucking to be a single member LLC, he also testified, and the hearing officer found, that he elected to be taxed as a sole proprietor for federal income tax purposes for tax years 2006 through 2010.

**{5}** The record shows, and it is not seriously disputed, that the Department has a system for assigning new CRS numbers when a taxpayer converts a business from one form to another, which requires the taxpayer business to submit an updated registration form, close its existing account, and open a new account as a new entity. Only then will the Department assign the business a new CRS number. Casias Trucking, however, failed to update its registration form on file with the Department and never obtained a new CRS number for the purported LLC.

**{6}** In 2013 the Department initiated an audit of Casias Trucking for gross receipts taxes covering tax years 2006 through 2011, pursuant to the Gross Receipts and Compensating Tax Act, NMSA 1978, §§ 7-9-1 to -116 (1966, as amended through 2018). The audit resulted in an assessment for gross receipts tax, interest, and

---

[1] Ms. Olivas was and is a nominal party to the administrative proceeding and this appeal. However, she did not, so far as shown, appear at or participate in the protest hearing below and was not the subject of any dispositive findings made by the hearing officer, or even mentioned in his decision and order. Moreover, Ms. Olivas is not separately identified as a "Protestant-Appellant" in the brief in chief submitted on appeal, nor does she now advance any arguments distinct to her. We therefore decline to address her claims in this opinion.

[2] A separate business entity operated by Mr. Casias, Stars & Stripes Paving, was referenced in the hearing officer's decision and order, but is not discussed by Taxpayers on appeal.

penalties in the aggregate amount of $206,292.02. The audit and the notice of audit assessment identified Casias Trucking as a sole proprietorship.

**{7}** Casias Trucking, through counsel, initially protested the 2013 audit assessment without identifying its supposed status as an LLC and by using the same CRS number assigned when Mr. Casias originally registered the business as a sole proprietorship. In approximately June 2014 Casias Trucking again without any mention that the business was operating as an LLC, filed a withdrawal of the protest in which it "agree[d] that this withdrawal is conclusive as to the liability for the taxes . . . [and that it could not] file another protest on the years cove[red] by the assessments."

**{8}** On September 18, 2014, Mr. Casias entered into an installment agreement with the Department in which he agreed to pay the taxes due on the audit assessment, admitted "[c]onclusive [l]iability[,]" and "expressly waive[d] any and all rights to dispute, challenge or protest the liabilities included within this agreement." The installment agreement identifies Mr. Casias individually by name, address, and social security number and does not identify Casias Trucking as an LLC.

**{9}** After Mr. Casias entered into the installment agreement, his attorney contacted the Department to add the designation "LLC" to the name of Casias Trucking in "GenTax," the Department's database. The Department changed the name of Casias Trucking to Casias Trucking, LLC, in the GenTax database, but it never received an application to update the registration and never issued Casias Trucking a new CRS number. According to the Department, any attempt made on behalf of Casias Trucking to modify or update its tax registration status did not comply with departmental requirements and procedures.

**{10}** In August 2016, after Mr. Casias made only one or two payments on the installment agreement over the preceding two-year period, the Department issued a notice of claim of tax lien upon the property of Mr. Casias and his spouse, Ms. Olivas.

**{11}** After Mr. Casias's counsel submitted correspondence protesting the 2013 audit assessment and the lien, the Department scheduled a hearing to resolve the protest. At the hearing, Mr. Casias introduced a printout, purportedly from the Secretary of State's website, identifying Casias Trucking as an LLC organized on April 23, 2003. The hearing officer did not give the document "any significant weight" because it was not dated and there was "nothing on the face of the exhibit to establish the source of the information contained therein." Mr. Casias did not offer the articles of organization for Casias Trucking, LLC into evidence.

**{12}** The hearing officer denied the protest, concluding that Mr. Casias was precluded from protesting the 2013 audit assessment that formed the basis for the tax liens and was personally liable for the amounts due on the liens. Central to the hearing officer's determination were his findings that Mr. Casias assumed personal liability for the tax indebtedness when he registered his trucking business as a sole proprietorship, did not

follow the proper process to register the business as an LLC, and admitted conclusive tax liability under the installment agreement. This appeal followed.

**DISCUSSION**

**{13}** Mr. Casias's sole argument on appeal is that tax liability rests not with him, but solely with Casias Trucking LLC. He contends that a Department registration regulation, 3.1.1.15(A)(1) NMAC (requiring secretary to develop "multiple systems for the registration and identification of taxpayers who are subject to taxes . . . and taxpayers shall comply therewith"), is invalid because it conflicts with the Limited Liability Company Act, NMSA 1978, § 53-19-13 (1993); *see also* NMSA 1978 § 7-1-12(A) (2000) (stating that "[t]he secretary by regulation shall establish a system for the registration and identification of taxpayers and shall require taxpayers to comply therewith"). In response, the Department contends that Mr. Casias failed to establish that Casias Trucking was in fact an LLC, and even if it was an LLC that Mr. Casias is nevertheless personally liable because he voluntarily entered into the installment agreement in his individual capacity.

**{14}** We begin with the presumption that the Department's tax assessment was correct. *See* NMSA 1978, § 7-1-17(C) (2007) ("Any assessment of taxes or demand for payment made by the department is presumed to be correct."). The hearing officer's decision may be set aside only if: "(1) it is arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with law." NMSA 1978, § 7-1-25(C) (2015). We review the whole record in the light most favorable to the hearing officer's decision. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 4, 125 N.M. 244, 959 P.2d 969. To the extent we are required to interpret statutes, we apply a de novo standard of review, but "we consider the issues through the lens of a presumption that the Department's assessment is correct." *Corr. Corp. of Am. v. State* 2007-NMCA-148, ¶ 17, 142 N.M. 779, 170 P.3d 1017.

**I.      Limited Liability Company**

**{15}** The hearing officer concluded that (1) Mr. Casias failed to prove that Casias Trucking is an LLC for tax purposes, and (2) Mr. Casias was precluded from protesting the tax lien because he withdrew his protest and subsequently entered into an installment agreement. We agree.

**{16}** Mr. Casias relies on Section 53-19-13 of the Limited Liability Company Act, which provides:

> Except as otherwise provided in the Limited Liability Company Act, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company. . . . A person may be liable for any act or omission performed in his capacity as a manager of a limited

liability company if there is a basis for liability. Nothing in this section shall be construed to immunize any person from liability for the consequences of his own acts or omissions for which he otherwise may be liable.

**{17}** An LLC is formed when the articles of organization are filed with the Secretary of State or any later date specified in the articles of organization. NMSA 1978, § 53-19-10(A) (1993); *see* NMSA, § 53-19-2(I) (An LLC is "an organization formed pursuant to the provisions of the Limited Liability Company Act[.]"). Mr. Casias testified that Casias Trucking held itself out as an LLC to the general public, its employees, vendors and contractors, and that it changed its name to include the LLC designation in the Department's GenTax database. Mr. Casias also proffered copies of some tax returns, reports, and a printout purportedly from the Secretary of State's website that identify Casias Trucking as an LLC. Mr. Casias, however, failed to offer a "copy of the articles of organization stamped 'filed' and marked with the filing date[,]" which would have been "conclusive evidence . . . that [the LLC] . . . ha[d] been legally organized and formed pursuant to the Limited Liability Company Act." NMSA 1978, § 53-19-10(B). We hold that the hearing officer's conclusion that Mr. Casias failed to prove that Casias Trucking was an LLC was not arbitrary, capricious, or an abuse of discretion and was supported by substantial evidence in accordance with law. *See* § 7-1-25(C); *N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("When more than one inference can be drawn from the evidence, the determination made by the hearing officer is conclusive. We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder" (alteration, internal quotation marks and citation omitted)).

**{18}** Because Mr. Casias failed to prove that Casias Trucking was a limited liability company, we need not address his claim that the Limited Liability Company Act precludes the imposition of personal tax liability on him.

## II. The Installment Agreement Precludes Mr. Casias's Protest

**{19}** Mr. Casias disputed the Department's lien by filing a written protest. *See* NMSA 1978, § 7-1-24 (A)(1), (B), (D) (2017). As the protestant, the evidentiary burden was on Mr. Casias to overcome the presumption of correctness by, for example, showing that the Department failed to follow relevant statutory provisions or presenting evidence tending to dispute the factual correctness of the assessments. *See* § 7-1-17(C) (stating that [a]ny assessment of taxes or demand for payment made by the department is presumed to be correct); *N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 8, 336 P.3d 436 ("The effect of the presumption of correctness is that the taxpayer has the burden of coming forward with some countervailing evidence tending to dispute the factual correctness of the assessment made by the secretary." (internal quotation marks and citation omitted)).

**{20}** After withdrawing his initial protest in September 2014, Mr. Casias entered into an installment agreement with the Department. He entered into the agreement individually, rather than as an LLC, and he admitted "conclusive liability for the entire

amount of taxes due." *See* NMSA 1978, § 7-1-21(A), (B) (2017). Under the plain terms of the agreement, Mr. Casias expressly waived "any and all rights to dispute, challenge or protest the liabilities included within the agreement." Additionally, by entering into the agreement, Mr. Casias further waived his statutory rights under Section 7-1-24 to dispute, challenge or protest the liabilities. *See Hittson v. Chicago R. I. & P. Ry. Co.,* 1939-NMSC-004 ¶ 10, 43 N.M. 122, 86 P.2d 1037 ("It is a general rule that any right or privilege to which a person is legally entitled, whether secured by contract [ or] conferred by statute . . . may be waived by him; provided it is intended for his sole benefit, and does not infringe upon the rights of others, and such waiver is not against public policy.").

**{21}** Because Mr. Casias failed to pay the taxes determined to be due pursuant to the 2013 audit assessment, despite having admitted to conclusive liability under the installment agreement, "the amount of the tax [became] a lien in favor of the state upon all property and rights to property of the [taxpayer]." NMSA 1978, § 7-1-37(A) (1993); *see* § 7-1-21(C) (stating that "if the taxpayer does not provide security, the secretary shall cause a notice of lien to be filed . . . and when so filed it shall constitute a lien upon all the property or rights to property of the taxpayer in that county"); *see also* § 7-1-38 ("The notice of lien shall identify the taxpayer whose liability for taxes is sought to be enforced."); § 53-19-13 ("Nothing in [the Limited Liability Act] shall be construed to immunize any person from liability for the consequences of his own acts or omissions for which he otherwise may be liable.").

**{22}** The hearing officer's conclusion that Mr. Casias was precluded from protesting the tax liens because he entered into an installment agreement admitting conclusive tax liability was not arbitrary, capricious, or an abuse of discretion or contrary to the law. *See* § 7-1-25 (C).

**CONCLUSION**

**{23}** We affirm the hearing officer's order denying Mr. Casias's protest of the tax lien.

**{24} IT IS SO ORDERED**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**