534 P.2d 1119

**TELEPHONIC, INC., and Sailor J. Kennedy, Plaintiffs-Appellees,**

**v.**

**MONTGOMERY PLAZA COMPANY, INC., Defendant-Appellant.**

**No. 1846.**

Court of Appeals of New Mexico.

April 16, 1975.

**408**

George A. Dubois, Bruce R. Muir, Branch, Dickson, Dubois & Wilson, P. A., Albuquerque, for defendant-appellant.

Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiffs-appellees.

OPINION

LOPEZ, Judge.

The plaintiffs sued the defendant for breach of contract and prayed for compensatory and punitive damages. Notice of dismissal with prejudice was then filed by plaintiffs. Section 21–1–1(41)(a), N.M.S.A.1953 (Repl.Vol. 4). A motion to correct the notice of dismissal because of clerical error was filed. Section 21–1–1(60)(a), N.M.S.A.1953 (Repl.Vol. 4). Answer and counterclaim for malicious prosecution were then filed by the defendant. Plaintiffs next filed a motion to dismiss their own complaint without prejudice and to dismiss defendant's counterclaim. The lower court dismissed plaintiffs' complaint without prejudice and dismissed defendant's counterclaim. Defendant appeals. We affirm and correct the dismissal of the counterclaim to read "without prejudice."

Defendant has four points for reversal of which his first, relative to Rule 41(a) of the New Mexico Rules of Civil Procedure, supra, is dispositive of this appeal.

Rule 41(a), supra, states as follows:

"Rule 41. Dismissal of actions.

"(a) Voluntary dismissal—Effect thereof.

"(1) By Plaintiff—By Stipulation. Subject to the provisions of Rule 23(c) and of any statute, an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service of the answer, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared generally in the action.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not

be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The last motion filed by the plaintiffs was pursuant to Rule 41(a)(2), supra. The order of the lower court entered as a result of this motion is the basis for this appeal. The plaintiffs had a right, under subsection (41)(a)(1)(i), supra, before the answer and counterclaim were filed, to dismiss their complaint. The undisputed evidence on the record indicates that the error was "clerical" in that the phrase "with prejudice" was substituted for "without prejudice" at some point between counsel's dictation of the notice and the final draft. Counsel acknowledges that he did not catch the mistake prior to filing it as typed.

■ If the first notice of dismissal had been correct, a dismissal without prejudice of the plaintiffs' suit would have left the parties in a situation the same as though the suit had never been filed. See McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357 (1963). Upon a voluntary dismissal, the answer of the defendant would have been vitiated and the counterclaim would have annulled. See A. B. Dick Co. v. Marr, 197 F.2d 498 (2d Cir. 1952); Ratner v. Bakery and Confectionery Workers Int. U., 129 U.S.App.D.C. 305, 394 F.2d 780 (1968).

After the filing of the erroneous notice of dismissal with prejudice, the plaintiffs filed a motion pursuant to Rule 60(a) of the New Mexico Rules of Civil Procedure, supra, to correct the notice. Both the notice of dismissal with prejudice and this motion were filed before defendant's answer and counterclaim. Two affidavits

were attached to the Rule 60(a), supra, motion stating that the plaintiffs' attorney had been instructed by plaintiffs to dismiss without prejudice and that the attorney dictated the notice to read "without prejudice", that it was erroneously transcribed by a secretary as "with prejudice", and subsequently filed as such in the district court. This explanation is not disputed by the defendant.

■ When the facts upon which the court acts on a motion to correct a clerical error are undisputed and only one conclusion can be drawn from them, we are not bound by the order made below. Estate of Burnett, 11 Cal.2d 259, 79 P.2d 89 (1938).

■ Under Rule 60(a), supra, courts have the power and the duty to correct clerical errors in orders which are issued due to inadvertence or mistake. American Trucking Assos. v. Frisco Transp. Co., 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958). Compare United States v. Kenner, 455 F.2d 1 (7th Cir. 1972).

■ We conclude, based upon the uncontradicted evidence of the record, that the lower court not only had the right but the duty to correct the clerical mistake in plaintiffs' original notice of dismissal with prejudice to read "without prejudice." Compare Herrera v. Springer, 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973), reversed on other grounds, 85 N.M. 201, 510 P.2d 1072 (1973). See Silva v. Second Judicial Dist., 57 Nev. 468, 66 P.2d 422 (1937). See also E. Clemens Horst Co. v. Federal Mutual Liability Ins. Co., 22 Cal.App.2d 548, 71 P.2d 599 (1937).

We believe that the lower court erred in not granting the plaintiffs' motion to correct the notice of dismissal with prejudice.

The lower court's order dismissing plaintiffs' complaint is affirmed, as reaching the right result for the wrong reason, but to make clear the nature of the dismissal of the counterclaim, we amend the order dismissing defendant's counterclaim to read "without prejudice." Scott v. Murphy Corporation, 79 N.M. 697, 448 P.2d 803

(1968); H. T. Coker Const. Co. v. Whitfield Transp., Inc., 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). See Gonzales v. Oil, Chemical and Atomic Works Int. U., 77 N.M. 61, 419 P.2d 257 (1966).

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.