671 P.2d 1135

June F. BRITTON, Petitioner-Appellee,

v.

H.R. BRITTON, Respondent-Appellant.

No. 14577.

Supreme Court of New Mexico.

Oct. 17, 1983.

George P. Jones, III, Albuquerque, for respondent-appellant.

Atkinson & Kelsey, Sandra Morgan Little, Albuquerque, for petitioner-appellee.

## OPINION

SOSA, Senior Justice.

Petitioner-Appellee, June Britton (Petitioner) filed a petition in the Bernalillo County District Court to reduce accrued and unpaid child support arrearages to judgment. The district court concluded that the divorce decree mandating child support was enforceable and that no statute of limitations period bars action on the arrearages. It did not allow H.R. Britton, Respondent, any offset. The court issued an order setting arrearages and a final judgment in the amount of $7900.00 without interest and did not award attorney's fees. Respondent appeals from the district court's determination awarding arrearages. Petitioner cross-appeals on the failure of the district court to award her attorney's fees.

The questions presented here are (1) whether the amended final divorce decree was unambiguous and therefore enforceable; (2) whether accrued and unpaid child support installments are deemed final judgments, thereby rendering action on them subject to a statute of limitations period; (3) whether Respondent should have been allowed an offset against the arrearage judgment; (4) whether laches bars any recovery of the accrued child support installments; and (5) whether Petitioner should have been awarded attorney's fees for her presentation at the district court level. We affirm on all issues except the second.

## FACTS

The parties were married on September 4, 1952. Four children issued from the marriage, all requiring specialized care and treatment due to varying degrees of developmental disability. By 1964 both the youngest and oldest child had been made wards of the state and committed to Los Lunas Training School. These two children

remained under the direct care and control of the Los Lunas facility at all times relevant to this case. The oldest child attained majority on June 27, 1971, the youngest on January 28, 1977.

The parties were divorced by final decree entered May 26, 1970 by Judge Edwin Swope of the Bernalillo County District Court. On June 28, 1971 a different judge entered an amended final decree which added the phrase "per month" after the one hundred dollar child support figure in the original final decree. The amendment was done *ex parte*. Respondent never moved the district court for a modification of the terms of either decree.

One of the twin children remained intermittently under Petitioner's direct care from the time of the divorce until the child was transferred to a group home in Albuquerque in January 1976. The other twin remained under the direct care of Petitioner through December 1972. Since that time he has voluntarily lived with Respondent.

ASSERTED AMBIGUITY

Respondent initially · contends that the original final decree of May 26, 1970 was ambiguous and should not have been amended *ex parte*. The original final decree in relevant part awarded custody of all four children to Petitioner and also awarded her "one hundred dollars ($100)" in child support. The sole change made by the judge in the amended final decree was the addition of the phrase "per month" after the one hundred dollar child support figure.

■ The omission of the phrase "per month" was clearly a clerical mistake apparent on the face of the record. ·On Petitioner's timely motion this mistake was properly corrected without resort to extrinsic evidence pursuant to Rule 60(a) of the New Mexico Rules of Civil Procedure NMSA 1953, Section 21–1–1(60)(a) (Repl. Vol. 4, 1970), presently compiled as NMSA 1978, Civ.P.R. 60(a) (Repl.Pamp.1980). *Telephonic, Inc. v. Montgomery Plaza Co.,* 87 N.M. 407, 534 P.2d 1119 (Ct.App.1975); *see De Baca v. Sais,* 44 N.M. 105, 99 P.2d 106 (1940).

■ This simple amendment obviously did not purport to clear up any ambiguity that Respondent alleges existed regarding the exact amount of child support that was to apply to each minor child. Respondent asserts that he should have been afforded an opportunity to present parole evidence prior to modification so that the support terms could have been modified to apply to the twins only and to reflect the fact that another child had attained majority. In New Mexico, the duty of a parent to support a child continues until the child reaches the age of majority. NMSA 1978, §§ 28–6–1 and 28–6–6 (Repl.Pamp.1983); *Phelps v. Phelps,* 85 NM 62, 509 P.2d 254 (1973); *Coe's Estate,* 56 N.M. 578, 247 P.2d 162 (1952). The well-established general rule is that an undivided support award directed at more than one child is presumed to continue in force for the full amount until the youngest child reaches majority. Annot., 2 A.L.R.3d 596 (1965). We see no compelling reason to depart from this view.

■ Respondent's proper remedy, if indeed he though the final decree ambiguous and/or unjust, would have been to seek prospective modification of the decree on the basis of changed circumstances. We note as to the alleged ambiguity that Respondent at no time petitioned the district court for any modification of either decree. Respondent, having failed to timely petition for possible relief from this asserted ambiguity, cannot now seize upon the mere *ex parte* correction of a clerical error and expand this into an inquiry regarding his interpretation of his obligations under the final decree. We conclude that the decrees were not ambiguous in their terms, and thus were enforceable.

STATUTE OF LIMITATIONS

A hearing was held on Petitioner's December 15, 1981 motion to reduce accrued child support arrearages to judgment. Petitioner was awarded a judgment of $7900.00. The district court found that Respondent had not made any of the monthly child support payments required by the amended final decree. The $7900.00 figure

was based on the calculation that the monthly payments should have been made during the seventy-nine months that elapsed between the entry of the original May 26, 1970 divorce decree and January 28, 1977, the date that the youngest child reached majority.

Respondent's central contention is that Petitioner's action to collect accrued arrearages at this late date is barred by the statute of limitations. He maintains that over eleven and one-half years had passed between the May 1970 entry of the original final decree and Petitioner's December 1981 petition. Respondent primarily maintains that the seven year statute of limitations applicable to judgments in effect in December 1981 (formerly compiled as NMSA 1978, Section 37–1–2) should apply and bar any claim for arrearages that accrued seven years prior to the date Petitioner filed her petition.

Respondent's argument thus presents the question of whether accrued and unpaid periodic child support installments mandated in a New Mexico divorce decree are considered final judgments in New Mexico on the date they become due. This appears to be a case of first impression as the parties have not cited, and our research has not revealed, any New Mexico authority directly on point.

The applicability of any statute of limitations period will depend on the characterization of monthly child support installments as they become due. Both *Corliss v. Corliss,* 89 N.M. 235, 549 P.2d 1070 (1976), and *Slade v. Slade,* 81 N.M. 462, 468 P.2d 627 (1970), involved the characterization and enforcement of monthly child support provisions incorporated in *foreign* divorce decrees. In *Slade* this Court considered whether the New Mexico statute of limitations applicable to judgments applied to bar recovery of accrued child support arrearages under a Kansas divorce decree. Looking to Kansas law to determine the nature of a child support award, we concluded that the child support award was a judgment in installments. We further concluded that the seven year New Mexico statute of limi-

tations then applicable to judgments (formerly compiled as NMSA 1953, Section 23–1–2 (Supp.1969)) applied and began to run on each monthly installment on the date it became due and unpaid. Accordingly, all uncollected installments that accrued more than seven years prior to the initiation of the action to collect the arrearages were deemed subject to the seven year statute of limitations applicable to judgments generally.

In considering the enforceability of a Missouri divorce decree, this Court in *Corliss* looked to Missouri law to determine whether child support awarded by the decree was subject to retroactive modification. This Court concluded that since Missouri courts had no power to modify or forgive accrued child support arrearages under a Missouri decree, New Mexico Courts could not do so.

Both *Slade* and *Corliss* lend support to a characterization of each monthly installment as a final judgment. In both cases, once the installment had become due, the amount payable was essentially deemed liquidated and, as with final judgments, not subject to retroactive modification. *Corliss* in particular concluded that child support arrearages would not be modified once accrued. Although this conclusion arose out of an application of Missouri law to a Missouri decree, the same characterization has obtained regarding New Mexico decrees.

In *Gomez v. Gomez,* 92 N.M. 310, 587 P.2d 963 (1978), *overruled on other grounds, Montoya v. Montoya,* 95 N.M. 189, 619 P.2d 1234 (1980), this Court considered whether weekly child support installment payments mandated in a New Mexico decree were modifiable once accrued. The then controlling New Mexico statute, NMSA 1953, Section 22–7–6(C) (Supp.1975) was compared with the substantially identical Missouri statute construed in *Corliss.* This Court held that, as with accrued Missouri installments, past due child support payments mandated in a New Mexico divorce decree were deemed not subject to retroactive modification.

Neither the reasoning nor the holding of *Gomez* bear out Petitioner's assertion

that applying a statute of limitations to bar recovery of support installments is inconsistent with the proposition that such installments cannot be modified. Retroactive modification of child support awards is an issue distinct from the issue concerning the applicability of a statute of limitations period. Application of a statute of limitations merely bars the remedy on a stale claim without determining the underlying validity of that claim or modifying it in any way. *See Davis v. Savage,* 50 N.M. 30, 168 P.2d 851 (1946).

The facts of *Gomez* presented the question of retroactive modification of child support payments. It did not address the issue of a statute of limitations period as it would apply to the collection of accrued child support installments. As such, the holding is not determinative of the instant statute of limitations question. Furthermore, *Gomez* cites *Catlett v. Catlett,* 412 P.2d 942 (Okl. 1966) for the crucial proposition that accrued child support arrearages cannot be modified. While passing judgment on this question, the *Catlett* court also considered the applicability of the Oklahoma statute of limitations to a collection action for delinquent child support payments. In this regard the court stated:

> This apparently is a new question for the Oklahoma court but the rule appears to be well settled that where a divorce decree provides for the payment of alimony or support in installments the right to enforce payment accrues on each payment as it matures and the statute of limitations begins to run on each installment from the time fixed for its payment.

*Id.* at 946. The *Catlett* court thus properly viewed the application of a statute of limitations period as being compatible with its conclusion that accrued child support obligations were not modifiable.

Aside from Oklahoma, numerous other jurisdictions consider accrued child support installments final judgments and hold that a statute of limitations begins to run on each installment as it becomes due. *See* 24 Am.Jur.2d *Divorce and Separation* § 863

(1966). In a number of decisions this construction has barred collection of child support installments accruing beyond the relevant limitations period. *See, e.g., Corbett v. Corbett,* 116 Ariz. 350, 569 P.2d 292 (App. 1977); *Bruce v. Froeb,* 15 Ariz.App. 306, 488 P.2d 662 (1971); *Hauck v. Schuck,* 143 Colo. 324, 353 P.2d 79 (1960); *Turinsky v. Turinsky,* 359 S.W.2d 114 (Tex.Civ.App.1962); *Seeley v. Park,* 532 P.2d 684 (Utah 1975). Indeed, rendering accrued child support installments individually subject to a limitations period appears to be the majority rule in the United States. Annot., 70 A.L.R.2d 1250 (1960); *cf.* 27B C.J.S. *Divorce* § 256 (1959) (outlining the analogous majority rule that as to judgments for alimony in installments, the pertinent statute of limitations begins to run on each installment as it falls due).

█ Since the installment obligations were clearly embodied in a final decree, they were a product of a precise judicial determination of Respondent's obligations. The authority is extensive and well-established that each monthly child support installment mandated in the final decree was a final judgment, not subject to retroactive modification.

Having determined that each installment was a final judgment, we turn to the question of which statute of limitations period should apply. We note at the outset that there is no special statute of limitations specified under the child support or the enforcement provisions, respectively, of NMSA 1978, Section 40–4–7 or 40–4–19 (Repl.Pamp.1983).

In *Coe's Estate,* 56 N.M. 578, 247 P.2d 162 the ex-wife sought a judgment for arrearages pursuant to a divorce decree mandating undivided child support for the minor children under her custody. This Court first held that the child support order was a judgment in monthly installments granted only during the minority of the children, thereby precluding any accrual of liability after the youngest child reached majority. The next holding applied the general judgment statute of limitations then obtaining under former NMSA 1941, Section 27–102

to bar recovery since the claim was filed more than seven years after the youngest child reached majority.

Similarly, in *Slade* this Court considered the applicability of a statute of limitations period to an action on a Kansas decree mandating periodic child support payments. Having concluded, as we do here, that the mandated installments were judgments, we there applied the seven year judgment statute of limitations under former NMSA 1953, Section 23–1–2 (Supp.1969). *Slade* and *Coe's Estate* together provide clear authority for our application of the judgment statute of limitation. In addition, virtually all of the out-of-state decisions we have cited regarding construction of accrued installments as judgments have applied their statute which limits executions on judgments. *Corbett v. Corbett,* 116 Ariz. 350, 569 P.2d 292 and *Bruce v. Froeb,* 15 Ariz. App. 306, 488 P.2d 662 (both applying the general five year Arizona statute of limitations applicable to execution on judgments); *Hauck v. Schuck,* 143 Colo. 324, 353 P.2d 79 (applying twenty year limitations period pertaining to execution on judgments rendered in Colorado); *Turinsky v. Turinsky,* 359 S.W.2d 114 (applying general ten year Texas statute limiting execution on judgments); *Seeley v. Park,* 532 P.2d 684 (eight year statute of limitations pertaining to actions on judgments applies to suit for collection of accrued child support arrearages).

The judgment statute here strikes a reasonable balance between the competing interests of enforcing the supporting parent's right to periodic payments on the one hand and protecting the obligor parent from stale claims on the other.

The determination that accrued child support installments are final judgments of record results in the application of the longest possible statute of limitations period available to a collection action by the supporting parent. Application of the catchall four year limitations statute of NMSA 1978 Section 37–1–4 would provide for an inordinately short period in which a custodial parent could assert the child sup-

port claim. This would be clearly inimical to the best interests of the child, would place an undue burden on the custodial parent, and might encourage dilatory tactics on the part of obligor parents intent on avoiding their child support duties.

Accordingly, we hold that the judgment statute of limitations that was in effect at the time Petitioner filed her December 15, 1981 petition applies. This was the seven year statute codified at NMSA 1978, Section 37–1–2 (Orig.Pamp.). We note, however, that the judgment statute has since been amended and now provides for a fourteen year limitations period. NMSA 1978, § 37–1–2 (Cum.Supp.1983).

Applying the relevant seven year judgment statute to the facts of the instant case, we conclude that Petitioner is barred from recovering the installment arrearages that accrued more than seven years prior to her December 15, 1981 petition. The trial court was incorrect in awarding judgment based on a seventy-nine month arrearage period. The only installments which Petitioner may properly collect are those falling due between December 15, 1974, the last payment not barred by the judgment statute, and January 28, 1977, the date that the youngest child attained majority—a period of twenty-five months. The trial court should have awarded judgment to Petitioner in the amount of $2500.00.

OFFSET

Respondent also asserts that he is entitled to an offset against any arrearages not barred by the statute of limitations. This offset claim is based in large part on the fact that Respondent has made substantial expenditures connected with the care and support of the son that has been living with him since December 1972. While it is entirely commendable that Respondent voluntarily undertook the responsibilities associated with the direct care and treatment of his son, we nevertheless cannot agree that Respondent's actions merit an offset under the circumstances of this case.

As we have previously concluded, the amended final decree clearly set forth

Respondent's child support obligations and was fully enforceable at all times relevant herein. Respondent, as the obligor parent, cannot by his actions unilaterally alter the support obligations set forth in the decree. As we stated in our discussion concerning the asserted ambiguity of the decree, Respondent properly should have petitioned to modify the child support terms of the decree in light of this asserted change in circumstances. Modification of support obligations is strictly a matter to be determined by the courts. Not having pursued this avenue, Respondent cannot now claim an offset for his self-imposed expenditures, substantial though they may have been. *See Baures v. Baures,* 13 Ariz.App. 515, 478 P.2d 130 (1970) and authorities cited therein. As stated in *Baures:*

> A father who is required to make periodic payments for the support of minor children has an *opportunity to relieve* himself of that liability by a petition to modify the decree *in futuro* but he cannot remain silent while the installments accrue and then claim credit for his voluntary acts. In view of the mandatory requirements of the divorce decree as to payments of the monthly support installments to appellant, although it is to appellee's credit that he cared for his [child], he was a volunteer and is not thereby relieved from the obligations of the decree.

*Id.* at 519, 478 P.2d at 134. The district court in the instant case properly disallowed any and all of Respondent's offset claims.

## LACHES

Respondent next maintains that he has been prejudiced by Petitioner's delay in pursuing her action and that laches should therefore bar any claim for arrearages not barred by the statute of limitations. We find this contention without merit.

 There is sufficient evidence to support the district court's determination that Respondent would not be unduly prejudiced by the judgment for arrearages. The standard review on appeal is whether substantial evidence reasonably supports the factual determinations of the trial court. *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). Resolving all disputes and reasonable inferences in favor of the successful party below and refusing to reweigh the evidence, we conclude that the trial court properly determined that laches does not apply in this case.

## ATTORNEY'S FEES

 Petitioner contends that she should be awarded attorney's fees related to the instant appeal, and for her presentation at the district court level. The district court in its final order of August 30, 1982 did not include an award of attorney's fees at that level as Petitioner had requested but noted that all findings and awards not specifically included were denied. This should properly be interpreted as a finding against Petitioner on the attorney's fees issue. *See Maynard v. Western Bank,* 99 N.M. 135, 654 P.2d 1035 (1982). We have carefully reviewed the record and conclude that substantial evidence supports the district court's denial of attorney's fees. *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186; *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970). Furthermore, we conclude that Petitioner does not merit attorney's fees for her instant cross-appeal.

The trial court is affirmed on all issues except that regarding the application of a statute of limitations period to an action on unpaid child support installments. The cause is remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.