This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROGELIO DELGADO,**

Petitioner-Appellant,

v.                                                                        **NO. 28,936**

**MARIA DELGADO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Reagan & Sanchez, P.A.
Mark Terrence Sanchez
Hobbs, NM

for Appellant

Glen L. Houston
Hobbs, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Husband appeals the district court order establishing his liability for arrears of spousal and child support payments. Husband argues that the district court

ruling is not supported by substantial evidence. In particular, Husband submits that the district court erred in (1) failing to credit his payments made on a 2003 Pontiac Grand Am awarded to Wife under the decree, (2) failing to grant him a credit for the amount he spent making improvements to the community residence, and (3) ordering the sale of the West Roxana lots because they are his sole and separate property. We discuss each issue in turn.

**BACKGROUND**

Wife filed a motion to enforce, for contempt and for an order to show cause on November 13, 2007. Husband responded with a motion to terminate child support and spousal support and a motion for accounting of child support paid. The district court held two evidentiary hearings on March 28 and June 2, 2008, and filed its order on July 24, 2008. Husband appeals.

Because Husband raises a substantial evidence argument, we summarize the evidence submitted to the district court. Wife testified that she had not received all child and spousal support payments due under the final decree. Wife submitted a list of all payments received from April 2006 through January 2008. The exhibit included a total of $7,660 in payments made by Husband.

Husband offered two exhibits of his own which he asserted set forth all spousal and child support payments he made. Husband's exhibits included a list of money order receipts, deposit slips, and receipts Husband claimed were child and spousal support payments. The district court inquired whether Husband had any documentation that Wife received the payments listed in his exhibits, and Husband responded that he did not. The total of Husband's claimed credits was $20,606.17. The difference between Husband's and Wife's accounting of child support payments appears to be the payments made in relation to the 2003 Pontiac Grand Am.

Husband also testified that he had made improvements to the parties' Breckon residence in order to prepare the property for sale. He estimated that he spent between $8,000 and $10,000 on materials for the improvements, in addition to the cost of his own labor. With respect to the community owned lots on Roxanna, Husband claimed that he gained title to the property through a settlement agreement with Wife.

The adult daughter of the parties offered testimony which contradicted Husband's. Daughter testified that Husband bought her the Pontiac Grand Am. She started sending checks to Husband for the monthly payments, but she stopped

when he expressed his disapproval of her boyfriend. Currently, another daughter uses the Grand Am to go to school. Daughter also testified that before Husband and Wife were divorced, they had already purchased the materials Husband used to make improvements on the Breckon residence. As for any settlement arrangement with respect to the Roxanna property, Daughter testified that she previously had title to the property and she, not Wife, had transferred title to Husband.

The district court order and judgment finds Husband in arrears for child and spousal support in the amount of $24,052. Husband received a credit of $7,660 for payments made to Wife, leaving an arrearage of $16,397 as of November 2007. Based upon Husband's monthly income of $4,200 and Wife's monthly income of $1,300, Husband is ordered to make future child support payments in the amount of $535 per month. Spousal support is to continue at $400 per month from December 2007 until June 30, 2009. The district court also ordered the sale of the Breckon residence and the Roxanna property, and Wife has a first lien on the net proceeds for past and future child and spousal support, with the balance to be divided equally.

**DISCUSSION**

When reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces, Inc.*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "Additionally we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.* The reviewing court views the evidence in the light most favorable to the prevailing party and disregards evidence and inferences to the contrary. *Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (filed 1997).

Husband's briefing asserts that his testimony is uncontradicted. According to Husband, because the testimony is uncontradicted and the district court did not indicate reasons for disregarding his testimony, we are bound to accept it as true. *See State v. Lovato*, 112 N.M. 517, 521, 817 P.2d 251, 255 (Ct. App. 1991) ("[W]here the fact-finder rejects uncontradicted testimony based solely on a determination of credibility, the better procedure in such cases would be for the trial court to indicate in the record the reasons for rejecting uncontradicted testimony."). We need not decide whether *Lovato* applies because we disagree with Husband's assertion that his testimony was uncontradicted. Daughter's testimony contradicts Husband on multiple points, as we detail more fully below.

Husband first argues that the district court's failure to grant him a credit for the car payments has resulted in a "double recovery" for Wife, and as such, should be reversed. Husband places great reliance on Wife's statement during the hearing in response to the district court judge's question about the amount of payments received:

Judge: Do you know how much money your husband has paid for child support?

Wife: (through translator) I don't know exactly. He's the one that has the proof.

According to Husband, this statement establishes that his testimony was uncontradicted. We do not agree. Wife offered an exhibit, which according to her, was a true and accurate representation of all the payments she had received in child and spousal support from Husband. The exhibit's contents directly contradict Husband's testimony and exhibits. Moreover, immediately after the statement, counsel for Wife reminded the court that her previously admitted exhibit included a record of Husband's support payments. Wife's exhibit detailing support payments received which was admitted into evidence supports the district court order.

Husband urges us to credit him with the payments he made in relation to the 2003 Pontiac Grand Am. According to Husband, these payments were made on accounts for debts Wife owed as separate property under the terms of the Final

6

Decree. Failure to credit these payments, Husband argues, results in a "double recovery" for Wife and is against public policy. We disagree. Husband first testified that he had an arrangement with Wife that allowed him to make payments on the car, partly in lieu of his spousal and child support obligations. However, future child support obligations cannot be modified through an agreement between the parties and must be approved by the court. *See Britton v. Britton*, 100 N.M. 424, 430, 671 P.2d 1135, 1141 (1983); *Ingalls v. Ingalls*, 119 N.M. 85, 88, 888 P.2d 967, 970 (Ct. App. 1994). We need not decide whether Husband and Wife had an appropriate agreement concerning Husband's obligations, because Husband also admitted he took over payments because he was liable on the loan and did not want his credit adversely affected when Wife failed to make the payments. Additionally, Daughter testified that the car was purchased for her and paid for by Husband for a period of time. Thus, the district court was left with two theories with respect to Husband's car payments, independent of any agreement with Wife. Husband may have made payments out of self-interest, or he may have considered the payments as a gift to his daughter, Itzel. *See Hopkins v. Hopkins*, 109 N.M. 233, 236-37, 784 P.2d 420, 423-24 (Ct. App. 1989) (holding that the father was not entitled to credit on child support payments if the court considered purchase was

made on behalf of the children as a gift). In either case, it was proper for the district court to deny Husband credit for the payments made on the Grand Am.

Husband next argues that the district court improperly failed to award him credit for the value of improvements he made to the Breckon residence in preparation for sale. Husband testified he spent between $8,000 and $10,000, in addition to labor, on the Breckon residence in preparation of sale. However, Daughter testified that Husband and Wife purchased the materials to improve the residence while they were still married, and therefore with community funds. It is the province of the district court, sitting as fact-finder, to evaluate the credibility of witnesses and resolve conflicting testimony. Daughter's testimony supports the district court refusal to award Husband credit for the improvements to the Breckon residence.

Lastly, Husband argues that the district court erred when it failed to award the Roxanna lots as his sole and separate property. Husband contends, based solely on his testimony, that Wife transferred her interest in the Roxanna property to Husband in exchange for value. Husband did not produce any documentation in the form of an agreement or deed that would support his testimony. In contrast, Daughter testified that she originally had title to the Roxanna property and that any subsequent settlement arrangement was worked out between herself and Husband.

The district court was again left with the conflicting testimony of Husband and Daughter. As stated earlier, we will not disturb credibility findings by the district court. We therefore decline to reverse the district court on this issue as well.

In her answer brief, Wife concedes that her exhibit erroneously included $400 spousal support in the amount owed for the month of April 2006. Husband's counsel also alerted the district judge to this mistake during the hearing. Wife acknowledges this error should be corrected, and Husband's total obligation should be reduced by $400 to $23,652.20. We agree and remand to the district court to modify its order to reflect this correction.

We remand this matter to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**

9