This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN M. DZULA,**

Petitioner-Appellant,

v.                                                                     **NO. 31,246**

**ELIZABETH E. DZULA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hadfield, District Judge**

John M. Dzula
Albuquerque, NM

Pro Se Appellant

Elizabeth E. Dzula
Albuquerque, NM

Pro Se Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Father appeals the order denying his motion for reconsideration of the April 20, 2010, order filed by the district court. We proposed to affirm in a calendar notice, and

we have received a memorandum in opposition to our notice. We have duly considered Father's arguments, but we find them unpersuasive. We affirm.

Father contends that this case is connected to an earlier appeal, *Dzula v. Dzula*, 30,505. In that case, Father attempted to appeal the district court's order before his motion for reconsideration was ruled upon. We dismissed Father's appeal as premature. [RP 288] Father appears to claim that, because he filed his notice of appeal in this case before the final order was filed by the district court, this appeal should also be dismissed. [MIO 2] Contrary to Father's claim, a notice of appeal filed after announcement of a decision but before a written order or judgment is filed shall be treated as filed on the day the order or judgment is filed. *Village of Los Ranchos de Albuquerque v. Shiveley*, 110 N.M. 15, 17, 791 P.2d 466, 468 (Ct. App. 1989).

Father continues to claim that his child support obligation should have been adjusted retroactive to the date that he became disabled, which he alleges occurred in January 2006. According to Father, he filed "several motions" to reduce his support and provided evidence to show that his disability income is only $539 per month. Based on the record, Father did not provide evidence to the district court to support his claim of disability until the January 25, 2010 hearing, and his child support obligation was then modified based on the date that Father provided proof of disability. [RP 244; 246;256-57] Meanwhile, although the payment of the monthly

support obligations was suspended, the obligation to make the monthly payments was still in effect and each monthly obligation became a separate final judgment not subject to retroactive modification. As discussed in our calendar notice, the district court could not retroactively modify the child support obligation to the date alleged by Father to be the date on which he became disabled. *See Britton v. Britton*, 100 N.M. 424, 428, 671 P.2d 1135, 1139 (1983).

Father concedes that his child support obligation was "not reduced," but that it was suspended. [MIO 3] However, Father claims that he was promised in open court that, if Father was found to be disabled, the amount of "suspended child support payment arreras (sic)" would be adjusted. [Id.] Father also claims that the federal judge found Father to be "retroactively disabled." [Id.] We point out that a judge's oral comments do not constitute a decision and error may not be maintained based on such comments. *Balboa Constr. Co. v. Golden*, 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct. App. 1981). In addition, there is nothing in the district court's decisions or in the record on appeal to support Father's contentions, and matters that are outside the record present no issue for review by this Court. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990).

Father again claims that Mother received a payment for $938 that should have been credited toward his obligation for child support arrears. In our calendar notice,

we pointed out that the issue was raised in a motion for reconsideration that is reviewed for abuse of discretion. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 28, 124 N.M. 186, 947 P.2d 143. We also noted that Father had not provided the district court with evidence in support of his claim that Mother received the payment or that the payment was for support of the children. In response, Father claims that he submitted statements showing that the payment was made, Mother did not "deny" receiving the payment, the district court reduced the support obligation after reviewing the statements, but the district court did not reduce the amount of arrears. Even if we accept Father's claims that he presented proof of the payment, as discussed above, the child support arrears were not subject to modification. Therefore, the district court did not abuse its discretion by refusing to apply the $938 payment to the arrears owed by Father.

Father again claims that judges in New Mexico "elevate themselfs (sic) above the law." Father contends that Judge Jewell demonstrated that she does not have to follow the law and yelled that she did not "give a dam (sic)" that Father is disabled. [MIO 4] Father also claims that there are rumors that the judge was guilty of gender discrimination. Even if we accept that Judge Jewell made such a statement, there is nothing in the statement that would indicate that Judge Jewell refused to follow the law or that she abused her authority. Moreover, the rumors Father discusses are not

4

of record and are therefore not subject to review. *See Reynolds,* 111 N.M. at 267, 804 P.2d at 1086.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**