This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LOUIS A. LEYBA,**

Petitioner-Appellee,

v.                                                            NO.   32,153

**MARTHA LEYBA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Louis A. Leyba
Roswell, NM

Pro Se Appellee

Martha Leyba
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Respondent, Martha Leyba (Mother), appeals pro se from the district court's judgment and order regarding child support. [RP 186] We proposed to affirm in a notice of proposed summary disposition and, after receiving an extension to August 15, 2012, Mother filed an untimely memorandum in opposition on August 16, 2012. After reviewing Mother's memorandum in opposition, we remain unpersuaded by her arguments and thus affirm the district court's judgment and order.

As her first and second issues, Mother claimed that the district court erred in failing to dismiss the claim of Petitioner, Louis Leyba (Father), for retroactive child support because Father waited five years before filing his claim and, at that point, the parents' youngest children had already attained the age of majority, so that any claim for retroactive child support needed to be brought by the children, not by Father. [DS unnumbered page 1-3] We proposed to affirm because child support payments become final judgments at the time they are due, each monthly installment is a separate final judgment not subject to retroactive modification, and the limitations period applicable to an action founded upon a judgment applies. *See Britton v. Britton*, 100 N.M. 424, 428-29, 671 P.2d 1135, 1139-40 (1983); *see also* NMSA 1978, § 37-1-2 (1983) (providing in part that "[a]ctions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward"). Given that Father was seeking unpaid child support from 2003

forward, we proposed to agree with the district court that his claim was not barred because less than fourteen years had passed on all accrued support owed. [RP 181]

We also proposed to disagree with Mother's contention that any recovery had to be sought by the children, not Father, because the children had attained the age of majority by the time Father sought the past due child support. [DS 2-3] We directed Mother's attention to our Supreme Court's decision in *Brannock v. Brannock*, 104 N.M. 385, 386, 722 P.2d 636, 637 (1986), which recognized that a parent who provides support for a child may file a claim for past due child support because the right to seek such payments belongs to the person who supported the child at the relevant time period. The Court in *Brannock* recognized that a parent or other person who has already provided support "has the right to claim reimbursement from the [other] parent, the same as any other past debt." *Id.* (internal quotation marks and citation omitted).

In her memorandum in opposition, Mother challenges our proposed disposition by citing to out-of-state and federal authority on contracts, debtor/creditor relations, and unfair practices. [MIO unnumbered pages 1-5] We are unpersuaded because the New Mexico authority cited above and discussed in our notice of proposed disposition supports the district court's decision to award Father retroactive child support despite the fact that the children had reached their age of majority and despite the fact that

Father waited five years to bring this action. We are also unpersuaded by Mother's contention that she was somehow denied a fair hearing [MIO 4] because the district court held a hearing before entering judgment, and Mother participated in that hearing. [RP 180]

In our notice, we also proposed to reject Mother's reliance on the Uniform Parentage Act, NMSA 1978, §§ 40-11-1 to -23 (1986, repealed effective January 1, 2010), and the New Mexico Uniform Parentage Act, NMSA 1978, §§ 40-11A-101 to -903 (2009), in support of her contention that the right to claim retroactive support belongs to the children, not Father. [DS 3, 6] We observed that those acts are applicable when there is an adjudication as to parentage. They have no application in a case such as this one when a parent is attempting to collect amounts of child support that are past due based upon a district court's previous order awarding child support. *See, e.g.*, § 40-11A-103(A) (stating that the New Mexico Uniform Parentage Act "applies to determination of parentage in New Mexico"); *cf.* NMSA 1978, § 40-4-7 (1997) (discussing a district court's authority to award child support upon the dissolution of marriage).

In light of the fact that neither the Uniform Parentage Act nor the New Mexico Uniform Parentage Act is applicable to Mother's case, we are not persuaded by her reliance on this Court's opinion in *Diamond v. Diamond*, 2011-NMCA-002, 149 N.M.

4

133, 245 P.3d 578, *rev'd*, 2012-NMSC-022, 283 P.3d 260, to support her contention that, because the children had attained the age of majority, Father was no longer entitled to retroactive child support. *Diamond* concerns pre-emancipation and post-emancipation support of a child under the Uniform Parentage Act, not support awarded to a parent in a domestic relations matter. [MIO 6-7] *See id.* ¶¶ 3-6, 11-16, 27-33. Moreover, in that case, the mother was being sued for support by the child who had been supporting herself, not by the other parent who had been providing support. *Id.* ¶¶ 27-33. Finally, as to the denial of post-emancipation support, [MIO 7] our Supreme Court reversed the Court of Appeals and held that the child was entitled to support for periods after she became an emancipated minor. *Id.* ¶¶ 42-51.

Finally, we turn to Mother's third issue. In her docketing statement, Mother claimed that the district court erred in failing to offset the amount of past due child support she owed by subtracting other types of payments made by her. [DS 2-3] We acknowledged that parents can agree to waive child support arrears, and we observed that we review the district court's findings as to whether such an agreement exists and whether it should be enforced for abuse of discretion. *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶¶ 4, 13, 20, 136 N.M. 693, 104 P.3d 559. We then proposed to affirm because the record indicated that the district court considered Mother's contentions that the parties had agreed to waive past due child support and found that

Father never agreed to waive, or to acquiesce in not collecting, past due child support. [RP 180-181] We also proposed to affirm the district court's findings that Mother was not entitled to credit for the school-related items and the $6,000 vehicle she provided because these were voluntary acts. [RP 181-182] *See Britton*, 100 N.M. at 429-30, 671 P.2d at 1140-41 (holding that, in the absence of a petition to modify his child support obligation, the father was not entitled to offset the expenditures he voluntarily undertook when one child began living with him against the child support arrearages he owed); *Hopkins v. Hopkins*, 109 N.M. 233, 237, 784 P.2d 420, 424 (Ct. App. 1989) (holding that the district court did not abuse its discretion in refusing to apply the amount realized from the sale of livestock to the father's liability for accrued child support given the lack of evidence of an agreement between the mother and the father that the proceeds would replace child support payments).

In her memorandum in opposition, Mother again claims that the parties agreed that Father would take these payments in lieu of child support. [MIO 7-8] However, in so claiming, Mother is asking us to reweigh the evidence introduced at the hearing. We decline to do so. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder.").

**CONCLUSION**

For the reasons set forth above, as well as those discussed in our notice of proposed summary disposition, we affirm the district court's order and judgment regarding child support.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**