This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38705**

**BRANDON K. KUYKENDALL,**

Petitioner-Appellant,

v.

**KRISTEN A. WEGER,**

Respondent-Appellee,

and

**STATE OF NEW MEXICO ex rel.
HUMAN SERVICES DEPARTMENT,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Raymond L. Romero, District Judge**

William N. Griffin
Ruidoso, NM

for Appellant

Kraft Law, LLP
Richard L. Kraft
Roswell, NM

for Appellee

New Mexico Human Services Department
Child Support Enforcement Division
Larry Heyeck, Regional Managing Attorney
Anthony C. Porter
Las Cruces, NM

Jane Granier

Alamogordo, NM

for Intervenor

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**     Brandon Kuykendall (Father) appeals from the November 18, 2019 judgment and order of the district court holding Father in civil contempt of court for failing to comply with the district court's November 9, 2015 judgment giving Kristen Weger (Mother), Child's mother, permanent legal and physical custody of Child, and ordering Father to pay both child support arrearages and monthly child support. The November 18, 2019 judgment also granted Father's September 17, 2018 motion to modify his monthly child support payments going forward.

**{2}**     Father fails to allege error in the district court's November 18, 2019 judgment and order of contempt, which also grants prospective modification of child support. Instead, Father claims error in the district court's May 23, 2013 order appointing a guardian ad litem to assist the court in evaluating child custody, and in the court's November 9, 2015 judgment granting permanent legal and physical custody of Child to Mother; and requiring Father to pay both child support arrearages and on-going monthly child support.

**{3}**     Because Father's appeal from the district court's 2013 order appointing a guardian ad litem, and from the court's November 9, 2015 judgment on child custody and child support is untimely, this Court lacks jurisdiction to consider the merits of his appeal and dismissal is required.

**DISCUSSION**

**{4}**     Father does not address this Court's jurisdiction in his brief on appeal. The New Mexico Child Support Enforcement Division argues in its answer brief that the district court's November 9, 2015 judgment awarding monthly payments for child support and child support arrearages, as well as granting Mother sole legal and physical custody of the child, was a final judgment and that this Court lacks jurisdiction to consider Father's untimely appeal. We agree.

**{5}**     The jurisdiction of this Court is limited to appeals from final judgments, interlocutory orders that practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights. N.M. Const. art. VI, § 29; NMSA 1978, § 39-3-2 (1966). There is no contention in this case that our additional jurisdiction to grant interlocutory appeals, pursuant to NMSA 1978, Section 39-3-4 (1999), is at issue. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 6, 101 N.M. 764, 688 P.2d 1268.

**{6}** An appeal from a final judgment must be timely pursued, within thirty days of the entry of the judgment unless the time to appeal is extended by the filing of a timely motion to reconsider, by a motion for a new trial, or by this Court's exercise of its discretion to allow an appeal to go forward when there is an excusable violation of the thirty-day time limit. *See* § 39-3-2 (requiring parties to appeal within thirty days from a final order); Rule 12-202(A) NMRA; *see also Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (holding that timely filing of a notice of appeal is a mandatory precondition to this Court's jurisdiction).

**{7}** The claims raised by Father in this appeal are challenges to the district court's November 9, 2015 final judgment ordering Father to pay both child support arrearages and a monthly amount of child support going forward and entering judgment on the court's March 18, 2015 decision to amend its interim custody order to grant permanent legal and physical custody of Child to Mother. The May 23, 2013 order appointing a guardian ad litem became appealable as of right when the final judgment on child custody was entered. *Thornton*, 1984-NMCA-093, ¶¶ 13-16 (noting that interlocutory orders are appealable when the final judgment is entered and that this Court lacks jurisdiction of prematurely filed appeals from non-final orders).

**{8}** The form of the November 9, 2015 judgment requiring Father to pay child support, child support arrears, and unreimbursed medical expenses and entering judgment on the March 18, 2015 custody decision, satisfies the requirements for a final judgment. *See* Rule 1-054(A) NMRA; *see also Curbello v. Vaughn*, 1966-NMSC-179, ¶ 2, 76 N.M. 687, 417 P.2d 881 ("Appeals will lie only from a formal written order or judgment signed by the judge and filed in the case, or entered upon the record of the court and signed by the judge."). The district court entered findings and conclusions on both child custody and child support on March 18, 2015. On November 9, 2015, the district court entered a judgment, which included decretal language ordering Father to pay specific amounts in child support and providing for collection through the Child Support Enforcement Division.

**{9}** Not only does the November 9, 2015 judgment satisfy the required form for a judgment, it finally resolves both the custody dispute between the parties and the child support issues, the only matters pending before the district court. This Court has held that an award of permanent child custody and child support is a final judgment, even though the district court retains continuing jurisdiction to modify both awards. *See Rochester v. Rochester*, 1998-NMCA-100, ¶ 5, 125 N.M. 369, 961 P.2d 794 (noting that a district court order making a temporary custody order permanent is a final, appealable order); *Gonzalez v. Gonzalez*, 1985-NMCA-071, ¶ 15, 103 N.M. 157, 703 P.2d 934 ("The original decree awarding child support is considered a final judgment, even though the court retains continuing jurisdiction."). Father's motion to modify child support does not reopen the district court's final judgment on child support. The district court has jurisdiction to modify a child support judgment only prospectively, from the date of the filing of the motion to modify, based on changed circumstances since the entry of the judgment. *Britton v. Britton*, 1983-NMSC-084, ¶ 9, 100 N.M. 424, 671 P.2d 1135. No change may be made in the prior judgment. *Id.*

**CONCLUSION**

**{10}**    For those reasons, we dismiss Father's appeal.

**{11}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**